UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MARIO CASARES and MICHAEL SLABITCHER,
individually and on behalf of all other
persons similarly situated,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/09

                    Plaintiffs,

**MEMORANDUM AND ORDER**

09 Civ. 458 (NRB)

- against -

HENRY LIMOUSINE LTD., HENRY ZILBERMAN,
and John Does #1-20, jointly and
severally,

                    Defendants.
----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs, former drivers for defendant Henry Limousine
Ltd., a limousine service, bring this purported collective
action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
207 (2006), and New York State labor laws alleging, inter alia,
that defendants[1] violated the FLSA by failing to pay plaintiffs
time and one-half in overtime for hours worked in excess of
forty hours per week from January 16, 2006 to June 6, 2008.[2]

---

[1] Plaintiffs name as defendants the limousine company, its principal,
and other unnamed officers, directors, and managing agents of the company.

[2] Plaintiffs' additional claims under New York State law are not
relevant to the instant motion, except insofar as defendants seek dismissal
of those claims regardless of the disposition of the FLSA claims.
(Defendants' Memorandum of Law in Support [of] Motion to Dismiss Based on
Lack of Subject Matter Jurisdiction ("Mem.") at 16.) As we deny defendants'
motion to dismiss the FLSA claims for reasons discussed further below, we
need not decide at this time whether or not to decline to exercise
supplemental jurisdiction over plaintiffs' state law claims. See 28 U.S.C. §
1367(c) (2006).

Pending now before us is the motion by defendants Henry Limousine Ltd. ("Henry Limo") and Henry Zilberman to dismiss plaintiffs' FLSA claims for lack of subject matter jurisdiction pursuant to 12(b)(1) of the Federal Rules of Civil Procedure. Defendants base their instant motion on the grounds that Henry Limo is either (1) a "motor carrier" and therefore exempt from the overtime requirements of the FLSA under 29 U.S.C. § 213(b)(1) (the so-called motor carrier exemption);[3] or (2) "an employer engaged in the business of operating taxicabs" and therefore exempt from the FLSA under 29 U.S.C. § 213(b)(17) (the

---

[3] Section 216(b)(1) provides that the FLSA does not apply "to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). The Motor Carrier Act, 49 U.S.C. § 31502, grants the Secretary authority to regulate the maximum hours of service of covered employees. In this connection, as both parties acknowledge, from August 10, 2005 to June 6, 2008, the applicable definition of "motor carrier" as used in the Motor Carrier Act, the scope of which defines the scope of the FLSA's motor carrier exemption, became more restrictive, such that a "motor carrier" became "a person providing *commercial motor vehicle* transportation for compensation." (See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Based on Lack of Subject Matter Jurisdiction ("Opp.") at 5, citing The Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat. 1144 (2005); see also Mem. at 10.) "Commercial motor vehicle," in turn, was defined during this period as, inter alia, vehicles "designed or used to transport more than 8 passengers (including the driver) for compensation." 49 U.S.C. § 31132. On June 6, 2008, however, the definition was changed back to encompass the broader, pre-SAFETEA-LU definition of "motor carrier" -- i.e., "a person providing motor vehicle transportation for compensation." See SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, 122 Stat. 1572 (2008).

Although plaintiffs' complaint alleges a broader collective action period, plaintiffs' memorandum in opposition asserts that the purported collective action period for their FLSA claims is limited to the period between August 10, 2005 (i.e., January 16, 2006, given the maximum three-year look-back period of the FLSA) and June 6, 2008. (See Opp. at 5.) Without deciding the applicability of the exemption at this time, we observe that, given the relative breadth of the motor carrier exemption as defined prior to August 10, 2005 and after June 6, 2008, plaintiffs' implicit narrowing is not surprising.

so-called taxicab exemption). For the following reasons, defendants' motion is denied.

The applicability of either of the asserted exemptions to the FLSA depends on certain key facts concerning the nature of the employer's business and employees' activities. Defendants have submitted extrinsic evidence in support of their motion and premise their arguments for exemption on factual assertions concerning, inter alia: the number and frequency of drivers' trips involving interstate travel; the passenger capacities of the vehicles in defendant's fleet and driven by plaintiffs; the system by which drivers are scheduled and dispatched; and the extent to which terms of transport, such as routes, are set by passenger-customers. Plaintiffs have submitted their own declarations and exhibits, purporting to dispute certain facts asserted by defendant, and argue that discovery is required on these exemption issues. (Opp. at 7, 9.)

A court may appropriately consider extrinsic submissions prior to discovery on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. However, in this case, given the grounds defendants have asserted for their motion, it is far from clear, as a threshold matter, whether Rule 12(b)(1) is properly invoked.

3

Indeed, while plaintiffs' opposition papers do not press the issue,[4] there is substantial authority that a Rule 12(b)(1) motion for lack of subject matter jurisdiction is *not* the appropriate procedural device for defendants to assert exemptions to the FLSA. E.g., Velez v. Vassallo, 203 F.Supp.2d 312, 330 (S.D.N.Y. 2002) ("[W]hether or not a defendant is statutorily excluded from coverage under the FLSA goes to the merits of the claims against it and not to the jurisdiction of the Court.") (collecting cases); Saca v. Dav-El Reservation Systems, Inc., 600 F.Supp.2d 483, 486 (E.D.N.Y. 2009) (same) (citing Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365 (2d Cir. 2000)); Fox v. Commonwealth Worldwide Chaufferred Transp., No. 08-CV-1686 (NGG)(RML), 2009 WL 1813230, at *2 (E.D.N.Y. June 25, 2009) (following Saca); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984) (district court in FLSA case "had original jurisdiction over the case pursuant to 28 U.S.C. § 1337(a) and . . . had jurisdiction under 29 U.S.C. § 216(b) to decide whether [plaintiffs'] overtime claims were exempt from the FLSA"); see Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) (applying "bright line" rule that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character") (Title VII

---

[4] Plaintiffs raise this issue in their cover letter summarizing their opposition memorandum but do not discuss it in the memorandum itself.

4

case); see also 2 MOORE'S FEDERAL PRACTICE § 12.30[1] (3d ed.) ("Under the 'bright line' rule of [Arbaugh], statutory threshold requirements should not be treated as jurisdictional unless Congress has clearly stated that they are."). In light of this line of authority,[5] defendants' invocation of Rule 12(b)(1) would be improper here. But cf. Cariani v. D.L.C. Limousine Serv., Inc., 363 F.Supp.2d 637, 649 (S.D.N.Y. 2005) (granting 12(b)(1) motion to dismiss based alternatively on motor carrier or taxicab exemption grounds, without addressing the jurisdiction-merits distinction and after allowing further discovery on the exemption issues).

Defendants'   submission   of   extrinsic   evidence   (and plaintiffs' submission in opposition) assumed that Rule 12(b)(1) was   the   proper   procedural   device   for   the   instant   motion.

___

[5] In recognizing the authority cited above, it is not our intention to stand on procedural technicality.   Even assuming, arguendo, that Rule 12(b)(1) were properly invoked here, it would nevertheless be premature to decide defendants' motion absent further jurisdictional discovery.   Although a district court may resolve disputed issues of jurisdictional fact on Rule 12(b)(1) motions by reference to evidence outside the pleadings, e.g., Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000), we have discretion to allow jurisdictional discovery where, as here, certain extrinsic facts to support (or contest) jurisdiction are primarily within the control of the party contesting jurisdiction.   Kamen v. AT&T Co., 791 F.2d 1006, 1011 (2d Cir. 1986); see also Saca, 600 F.Supp.2d at 486 (affording additional discovery on factual issues material to FLSA exemptions asserted).   Similarly, even further assuming, arguendo, that we could construe defendants' motion to dismiss as a motion on the merits -- i.e., as if brought under Rule 12(b)(6), which, unlike a Rule 12(b)(1) motion, see Kamen, 791 F.2d at 1011, could be converted into a motion for summary judgment pursuant to Rule 12(d) -- disputed issues of fact prior to discovery in this case would likewise make such conversion and decision premature.   In this connection, we note that defendants have not challenged the sufficiency of the allegations in plaintiffs' complaint pursuant to Rule 12(b)(6), presumably because the four corners of the complaint allege facts regarding "non-exempt employees" which, if proved, would state a FLSA claim.   (E.g., Compl. at ¶ 11.)

However, as noted, defendants' invocation of Rule 12(b)(1) appears to be unfounded.[6]  Without analyzing the ultimate merits of the factual issues raised by the parties, it is clear that the disputed facts involve matters material to the exemptions asserted by defendants under 49 U.S.C. §§ 216(b)(1) and (b)(17),[7] such that the determination of whether defendants have established that these exemptions apply should await further discovery and briefing on summary judgment on these threshold exemption issues.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.  The parties are directed to proceed with discovery, limited initially to those facts material to the question of whether the motor carrier or taxicab exemptions to the FLSA apply to plaintiffs' claims for the period between January 16, 2006 and June 6, 2008.[8]

---

[6] In this connection, we note that defendants have not challenged the facial sufficiency of subject matter jurisdiction asserted in the complaint, which plainly asserts federal question jurisdiction, 28 U.S.C. § 1331, by claiming violations of the FLSA, 29 U.S.C. § 216(b).  (Compl. at ¶ 3.)

[7] For example, plaintiffs' have raised issues of fact material to particular factors courts weigh when determining whether the taxicab exemption applies (including the flexibility and organization of the employees' time and work schedule and whether the routes of dispatched trips are pre-arranged and approved).  We note, however, that on the whole, many of the other factors material to the applicability of the taxicab exemption analysis appear undisputed.  With respect to the motor carrier exemption, the issues of material fact include, inter alia, the passenger capacity of defendants' vehicles driven by plaintiffs for purposes of the "commercial motor vehicle" definition in effect between August 10, 2005 and June 6, 2008.

[8] To the extent plaintiffs have not actually limited their FLSA collective action claims to this period as indicated in their opposition memorandum, they are directed to submit a letter clarifying the status of

(See Opp. at 5.)   Discovery shall be completed within ninety
(90) days, followed by a status conference in Courtroom 21A on
February 11, 2010, at 2:30 p.m., at which the parties and the
Court will establish a briefing schedule for any dispositive
motions.

**SO ORDERED.**

Dated:   New York, New York
         October 21, 2009

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

these claims to defendants' counsel and this Court within seven (7) days of
this Memorandum and Order.   In addition, we note that, depending on further
discovery and submissions of the parties regarding defendants' "actual
knowledge" of applicable exemptions, the claims period may be further limited
by the "safe harbor" limitation defendants seek under the SAFTEA-LU Technical
Corrections Act.   See Pub. L. 110-244, Sec. 306(b) and (c), 122 Stat. 1572,
1620-1621 (2008); see also Vidinliev v. Carey Intern., Inc., 581 F.Supp.2d
1281, 1290 (N.D. Ga. 2008) ("The net effect of subsections (b) and (c) is
that an innocent employer has a one-year defense against claims for overtime
pay brought by employees whose work involves motor vehicles, but primarily
motor vehicles that do not qualify as commercial motor vehicles. . . .").

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

William C. Rand, Esq.
Law Office of William Coudert Rand
711 Third Avenue, Suite 1505
New York, NY 10017

Matthew J. Weiss, Esq.
Weiss & Associates, P.C.
419 Park Avenue South, 2nd Floor
New York, NY 10016